## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CV00412 ERW |
| | ) |
| OFFICER WOOD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff seeks monetary relief in this 42 U.S.C. § 1983 action against Officer Wood, the St. Louis County Police Department and St. Louis County. Plaintiff alleges that he was "deprived of his liberty, without a warrant or probable cause" when he was arrested on March 28, 2008 by Officer Wood for a peace disturbance. Plaintiff seeks "7.5 million" in compensation because he believes that his "arrest was malicious and violated his rights."

## Discussion

The complaint is legally frivolous and fails to state a claim against the St. Louis County Police Department, because jails and local government detention centers are not suable entities. See Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit); Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such"); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890 (E.D.Va. 1992)(local jails are not "persons" under § 1983).

-3-

Moreover, plaintiff's allegations against Officer Wood[1] and St. Louis County fail to state a claim upon which relief may be granted because he hasn't claimed that Officer Wood was acting in accordance with a policy or custom of St. Louis County when he allegedly arrested him without due process. See, e.g., Grayson v. Ross, 454 F.3d 802. 811 (8th Cir. 2006) ("Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for constitutional deprivations visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.") (quoting Monell v. Dep't Of Soc. Serv. of City of New York, 436 U.S. 658, 690-91 (1978)). As such, this action will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

---

[1]The complaint is silent as to whether defendant Wood is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights.

-4-

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this _____ day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE

-5-